**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,         )<br>                                                       )<br>              Plaintiff,               )<br>                                                       )<br>      vs.                                          )<br>                                                       )<br>FRANCISCO CRUZ,                        )<br>                                                       )<br>              Defendant.            )<br>_____) | Case No. 2:09-cr-0456-RLH-RJJ<br><br>**O R D E R**<br>(Motion to Reconsider–#50) |

Before the Court is Defendant Cruz's Motion to Reconsider (#50, filed November 22, 2010) the Court's denial of his motion for leave to file a notice of appeal out of time.

There is no Federal Criminal Rule of Procedure which addresses requests for reconsideration of a court's order. Although not mentioned in any of the Federal Rules of Civil Procedure, motions for reconsideration may be brought under both Rules 59(e) and 60(b). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only for: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment.  A motion for reconsideration is properly denied when it

presents no arguments that were not already raised in its original motion.  *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D.Tex. 1994)(footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

Defendant Cruz does not establish any of the above bases necessary for this Court to reconsider its prior decision.  The arguments may be restated or expanded, but they are the same arguments made in the original motion.

IT IS THEREFORE ORDERED that Defendant Cruz's Motion to Reconsider (#50) is DENIED.

Dated: November 23, 2010.

_____
**Roger L. Hunt**
**Chief United States District Judge**